UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KEITH M. HOPKINS,

    Plaintiff,

v.

CALIFORNIA FORENSIC MEDICAL GROUP, et al.,

    Defendants.

Case No. 20-cv-01892-YGR (PR)

**AMENDED ORDER OF PARTIAL DISMISSAL AND SERVICE**

## I. INTRODUCTION

Plaintiff, a federal prisoner currently incarcerated at Federal Correctional Institution-Lompoc, has filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983 stemming from alleged constitutional violations that occurred while he was held in custody as a pretrial federal detainee at Santa Rita Jail ("SRJ") for three years from September 2015 to 2018.

His motion for leave to proceed *in forma pauperis* will be granted in a separate written Order.

Venue is proper because the events giving rise to the claims are alleged to have occurred at SRJ, which is located in this judicial district. *See* 28 U.S.C. § 1391(b).

In his complaint, Plaintiff names the following Defendants: California Forensic Medical Group ("CFMG"), CFMG Health Care Provider Dr. Maria Magat, Alameda County, Alameda County Sherriff Gregory Ahern, and "Does 1-30." Dkt. 1 at 2-4.[1] Plaintiff seeks monetary and punitive damages. *Id.* at 5.

## II. DISCUSSION

### A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims

---

[1] Page number citations refer to those assigned by the Court's electronic case management filing system and not those assigned by Plaintiff.

that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

### B. Legal Claims

Plaintiff, who suffers from sleep apnea, alleges the following claims: (1) a breach of contract claim against CFMG and Alameda County for failing to allow Plaintiff access to his Continuous Positive Airway Pressure ("CPAP") machine "at all times when he sleeps" and for failing to provide new equipment for his CPAP machine; (2) a Fourteenth Amendment claim of denial of medical care against all Defendants, including "Does 1-15," based on Defendant Magat's June 2017 denial of Plaintiff's "request for a specialist who could help him with his sleep deprivation and CPAP equipment," and also based on the actions of "Jane Doe #1" on November 7, 2017 and "Jane Doe #2" on March 4, 2018 for "fail[ing] to get [Plaintiff] an escort to [the Out-Patient Housing Unit ("OPHU")] for his CPAP treatment; (3) Plaintiff invokes this Court's supplemental jurisdiction under 28 U.S.C. § 1367 by claiming that Defendants "Jane Doe #1 and #2," Alameda County, CFMG and Ahern violated California Government Code § 845.6 because they were aware that Plaintiff suffered from sleep apnea but failed to allow him on November 7, 2017 and March 4, 2018 "to sleep with his CPAP machine to prevent apnea attacks that could potentially cause death for [Plaintiff]"; (4) supervisory liability claims against Defendants Alameda County, Ahern and "Does 16-30"; and (5) a Fourteenth Amendment claim of denial of medical care[2] against Defendants CFMG Medical Director "Doe #3", Dr. Magat and "Does 1-15"

---

[2] The complaint uses the phrase "Fourteenth Amendment Right to Equal Protection" under Claim 5, but Plaintiff does not allege any facts that suggest a defendant violated his rights under the Equal Protection Clause of the Fourteenth Amendment. *See* Dkt. 1 at 13. Thus, the Court construes Claim 5 as a Fourteenth Amendment claim of denial of medical care based on the

2

for "deny[ing] [Plaintiff's] request for a rechargeable battery for his CPAP machine." Dkt. 1 at 10-13.

Claims 1-5 as they relate to Plaintiff's allegations against CFMG, Alameda County, and Defendant Ahern do not allege facts demonstrating that these Defendants violated Plaintiff's federal rights, but seem to claim these Defendants are liable based on the conduct of their subordinates, Defendant Magat and "Jane Does #1 and #2" as well as "Doe #3." There is, however, no respondeat superior liability under section 1983 solely because a defendant (such as Defendant Ahern, who is the Alameda County Sheriff) is responsible for the actions or omissions of another. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Furthermore, Plaintiff has not alleged grounds for municipal liability against Defendants CFMG and Alameda County based on any theory other than that of respondeat superior. This is not a sufficient ground for municipal liability. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978) (local governments cannot be liable under section 1983 under respondeat superior theory). Accordingly, Plaintiff's Claims 1-5 as they relate to Plaintiff's allegations against Defendants CFMG, Alameda County, and Ahern are DISMISSED without prejudice.

Claim 2 and 5, when liberally construed, are cognizable under section 1983 and shall proceed against Defendants Magat as well as "Jane Does #1 and #2" and "Doe #3." Under Claim 3, Plaintiff has also sufficiently alleged a cognizable claim that "Jane Does #1 and #2" breached their duty to provide the prevailing standard of care by failing to get Plaintiff an escort to OPHU for his CPAP treatment. However, regarding "Jane Does #1 and #2," Plaintiff describes these Defendants as "housing 7 technicians" who were on duty on November 7, 2017 and March 4, 2018, respectively, but states that he does know these Defendants' names. Dkt. 1 at 8, 10-11. Similarly, Plaintiff describes "Doe #3" as the "CFMG Medical Director," but he also does not know this Defendant's name. *Id.* at 13. Although the use of "John Doe" to identify a defendant is not favored in the Ninth Circuit, *see Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980); *Wiltsie v. Cal. Dep't of Corrections*, 406 F.2d 515, 518 (9th Cir. 1968), situations may arise where

---

aforementioned Defendants alleged denial of Plaintiff's request for a rechargeable battery for his CPAP machine. *See id.*

3

the identity of alleged defendants cannot be known prior to the filing of a complaint. In such circumstances, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover their identities or that the complaint should be dismissed on other grounds. *See Gillespie*, 629 F.2d at 642; *Velasquez v. Senko*, 643 F. Supp. 1172, 1180 (N.D. Cal. 1986). Plaintiff must provide to the Court the names of "Jane Does #1 and #2" as well as "Doe #3" by the date scheduled in this Order for any served Defendant to file a dispositive motion. Failure to do so will result in dismissal of Defendants "Jane Does #1 and #2" as well as "Doe #3" without prejudice to Plaintiff filing a new action against these Doe Defendants.

Finally, in the sections of the complaint where Plaintiff sets forth his allegations of his Fourteenth Amendment claims, he identifies "Does 4-30" as those who were present and participated in alleged denial of medical care. As explained above, a claim stated against Doe Defendants without further identifying information is not favored in the Ninth Circuit. *See Gillespie*, 629 F.2d at 642. Therefore, Plaintiff's claims against the remaining Doe Defendants—"Does 4-30"—are DISMISSED without prejudice.

### III.    CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.    Claims 1-5 as they relate to Plaintiff's allegations against Defendants CFMG, Alameda County, and Ahern are DISMISSED without prejudice.

2.    Plaintiff's allegations in his complaint under Claims 2 and 5 state cognizable Fourteenth Amendment denial of medical care claims against Defendant Magat and Doe Defendants "Jane Does #1 and #2" as well as "Doe #3." Plaintiff must provide to the Court the names of Doe Defendants "Jane Does #1 and #2" as well as "Doe #3" by the dispositive motion due date indicated below. Failure to do so will result in dismissal of Doe Defendants "Jane Does #1 and #2" as well as "Doe #3" without prejudice to Plaintiff filing a new action against them.

3.    Plaintiff's claims against the remaining Doe Defendants—"Does 4-30"—are DISMISSED without prejudice.

4.    The Clerk of the Court shall send a Notice of Lawsuit and Request for Waiver of

Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint and all attachments thereto (dkt. 1), and a copy of this **Amended** Order to **Dr. Maria Magat at Wellpath Care at Santa Rita Jail, 5325 Broder Blvd., Dublin, CA 94568.**

The Clerk shall also send a copy of the complaint and a copy of this **Amended** Order to the **Alameda County Counsel's Office**. Additionally, the Clerk shall send a copy of this **Amended** Order to Plaintiff.

5. Defendant is cautioned that Rule 4 of the Federal Rules of Civil Procedure requires Defendant to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if Defendant, after being notified of this action and asked by the court, on behalf of Plaintiff, to waive service of the summons, fail to do so, Defendant will be required to bear the cost of such service unless good cause be shown for Defendant's failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendant had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendant will not be required to serve and file an answer before **sixty (60) days** from the date on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendant is asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendant has been personally served, the Answer shall be due **sixty (60) days** from the date on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever is later.

6. Defendant shall answer the complaint in accordance with the Federal Rules of Civil Procedure. The following briefing schedule shall govern dispositive motions in this action:

a. No later than **sixty (60) days** from the date the answer is due, Defendant shall file a motion for summary judgment or other dispositive motion. The motion must be supported by adequate factual documentation, must conform in all respects to Federal Rule of Civil Procedure 56, and must include as exhibits all records and incident reports stemming from

the events at issue. A motion for summary judgment also must be accompanied by a *Rand*[3] notice so that Plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out in Rand must be served concurrently with motion for summary judgment). A motion to dismiss for failure to exhaust available administrative remedies must be accompanied by a similar notice. However, the court notes that under the new law of the circuit, in the rare event that a failure to exhaust is clear on the face of the complaint, Defendant may move for dismissal under Rule 12(b)(6) as opposed to the previous practice of moving under an unenumerated Rule 12(b) motion. *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc) (overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), should be raised by a defendant as an unenumerated Rule 12(b) motion). Otherwise if a failure to exhaust is not clear on the face of the complaint, Defendant must produce evidence proving failure to exhaust in a motion for summary judgment under Rule 56. *Id.* If undisputed evidence viewed in the light most favorable to Plaintiff shows a failure to exhaust, Defendant is entitled to summary judgment under Rule 56. *Id.* But if material facts are disputed, summary judgment should be denied and the district judge rather than a jury should determine the facts in a preliminary proceeding. *Id.* at 1168.

If Defendant is of the opinion that this case cannot be resolved by summary judgment, Defendant shall so inform the court prior to the date the summary judgment motion is due. All papers filed with the court shall be promptly served on Plaintiff.

  b. Plaintiff's opposition to the dispositive motion shall be filed with the court and served on Defendant no later than **twenty-eight (28) days** after the date on which Defendant's motion is filed.

  c. Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you

---

[3] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

6

must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact—that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradicts the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand*, 154 F.3d at 962-63.

Plaintiff also is advised that—in the rare event that Defendant argues that the failure to exhaust is clear on the face of the complaint—a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. To avoid dismissal, you have the right to present any evidence to show that you did exhaust your available administrative remedies before coming to federal court. Such evidence may include: (1) declarations, which are statements signed under penalty of perjury by you or others who have personal knowledge of relevant matters; (2) authenticated documents—documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements in your complaint insofar as they were made under penalty of perjury and they show that you have personal knowledge of the matters state therein. As mentioned above, in considering a motion to dismiss for failure to exhaust under Rule 12(b)(6) or failure to exhaust in a summary judgment motion under Rule 56, the district judge may hold a preliminary proceeding and decide disputed issues of fact with regard to this portion of the case. *Albino*, 747 F.3d at 1168.

(The notices above do not excuse Defendant's obligation to serve similar notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and

motions for summary judgment. *Woods*, 684 F.3d at 935.)

        d.    Defendant shall file a reply brief no later than **fourteen (14) days** after the date Plaintiff's opposition is filed.

        e.    The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

7.    Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the court pursuant to Rule 30(a)(2) is hereby granted to Defendant to depose Plaintiff and any other necessary witnesses confined in prison.

8.    All communications by Plaintiff with the court must be served on Defendant or Defendant's counsel, once counsel has been designated, by mailing a true copy of the document to them.

9.    It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the court has been returned to the court as not deliverable, and (2) the court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b).

10.    Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

IT IS SO ORDERED.

Dated: April 13, 2021

                                                          _____
JUDGE YVONNE GONZALEZ ROGERS
United States District Judge